IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LYDIA MARCANO NEGRÓN**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 19-1627 (BJM)

## ORDER

Plaintiff Lydia M. Marcano-Negrón ("Marcano") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of her petition for Social Security disability insurance benefits. Docket Nos. ("Dkts.") 17, 19. Her counsel, Louis A. De Mier-LeBlanc ("De Mier"), then requested $13,114.00 in attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"). Dkt. 21. He did not seek fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner responded with an informative motion. Dkt. 23.

To obtain fees, De Mier's petition must be timely, *Pais v. Kijakazi*, 52 F.4th 486, 490–91 (1st Cir. 2022) (discussing timeliness framework prior to that decision), and the requested fees must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When evaluating whether a motion for fees was filed in a reasonable time, "the 'triggering event' from which reasonability should be assessed is the issuance of the [Notice of Award]." *Pais*, 52 F.4th at 494; *see also Gonzalez v. Saul*, 2021 WL 2173426, at *2 (D.P.R. May 26, 2021) ("[T]his Court finds that the Notice of Award is the triggering event for the filing of a fee petition under § 406(b)."). And from February 2022 to June 2023, this court's Local Rule 9(d)(2) gave an attorney 30 days from receipt of the Notice of Award ("NOA") to file a motion for fees. *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECFs 71-1, 80-1). Local Rule 9 further stated a request for attorneys'

Case 3:19-cv-01627-BJM   Document 25   Filed 04/09/24   Page 2 of 3

*Marcano-Negron v. Comm'r of Soc. Sec.*, Civil. No. 19-1627 (BJM)                                                                2

fees shall include, among other things, the most recent NOA and a statement of the date counsel received the NOA. *Id.* (ECF 71-1).

Here, the Commissioner mailed De Mier a letter on March 4, 2023 stating it was withholding $13,114.00 from Marcano's past-due benefits. Dkt. 21-2. However, this does not appear to be an NOA. *See Pais*, 52 F.4th at 488 (explaining that a NOA notifies the *claimant* he is entitled to past-due benefits but that 25 percent of those benefits were being withheld for potential attorneys' fees); Soc. Sec. Admin., HALLEX I-1-2-55 (May 8, 2020), https://www.ssa.gov/OP_Home/hallex/I-01/I-1-2-55.html (same). Further, De Mier does not state when the Commissioner mailed an NOA and he did not submit a copy of such a notice. Moreover, De Mier moved for fees on May 16, 2023. Dkt. 21. Thus, even construing the notice De Mier submitted as an NOA, his petition for fees is untimely because he received that notice on March 6, 2023 and did not move for fees until May 16, 2023. Dkt. 21-2.

De Mier's motion avers it was filed within a reasonable time and cites a Seventh Circuit case stating that, pursuant to Fed. R. Civ. P. Rule 54, fee motions need only be filed within a reasonable time. Dkt. 21 at 2 ¶ 4 (citing *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987)). But as this court has previously explained, "[t]he Seventh Circuit in *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987) applied a 'reasonable time' standard to § 406(b) fee petitions before Federal Rule of Civil Procedure 54 was amended to prescribe a 14-day deadline absent a local rule dealing with that specific issue." *Rodriguez v. Saul*, 542 F. Supp. 3d 118, 122 (D.P.R. 2021). And as discussed, this court's Local Rule 9(d)(2) in effect at the relevant time gave De Mier a 30-day deadline to move for fees. Accordingly, *Smith* does not support finding that De Mier's petition was timely.

Case 3:19-cv-01627-BJM   Document 25   Filed 04/09/24   Page 3 of 3

*Marcano-Negron v. Comm'r of Soc. Sec.*, Civil. No. 19-1627 (BJM) 3

De Mier's motion contains no other discussion of timeliness or explanation for delay. During the relevant time, Local Rule 9(d)(3) stated, "[a]bsent a showing of good cause for delay, requests for attorneys' fees submitted after the deadlines in sections (1) and (2) shall be denied as untimely." *In Re: Adoption of Local Rules*, 03-MC-115 (D.P.R. Mar. 04, 2022) (ECF 71-1). And this court has previously done just that in a case where De Mier failed to explain why his motion was untimely. *See Cartagena-Miranda v. Comm'r of Soc. Sec.*, 2023 WL 7545322, at *2 (D.P.R. Nov. 14, 2023). The same result is warranted here.

For the foregoing reasons, De Mier's petition for attorney fees under 406(b) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of April 2024.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge